[Cite as *Moody v. Ohio Dept. of Mental Health & Addiction Servs.*, 2024-Ohio-4701.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tony Moody, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-144 |
| v. | : | (Ct. of Cl. No. 2019-01146JD) |
| Ohio Department of Mental Health and Addiction Services, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2024

**On brief:** *William J. O'Malley*, for appellant. **Argued:** *William J. O'Malley.*

**On brief:** *Dave Yost*, Attorney General, and *Eric A. Walker*, for appellee. **Argued:** *Eric A. Walker.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Tony Moody, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Mental Health and Addiction Services ("ODMHAS"), as to Moody's retaliation claim. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Moody was born in Sierra Leone, immigrated to the United States in 2003, and became a naturalized citizen in 2017. In 2013, Moody began his employment with

ODMHAS as a Therapeutic Program Worker at Twin Valley Behavioral Healthcare ("Twin Valley") in Columbus, Ohio.

{¶ 3} In December 2019, Moody filed a complaint against ODMHAS in the Court of Claims, alleging federal and state law race and national origin discrimination claims, and a state law retaliation claim. In November 2020, ODMHAS moved for summary judgment on all claims. The Court of Claims granted ODMHAS's motion, concluding that Moody failed to establish any genuine issue of material fact as to any of his claims, and that ODMHAS was entitled to judgment as a matter of law on all claims. Moody appealed. This court affirmed the Court of Claims' grant of summary judgment in favor of ODMHAS on Moody's race and national origin discrimination claims, but it reversed the grant of summary judgment on Moody's retaliation claim. *Moody v. Ohio Dept. of Mental Health & Addiction Servs.*, 10th Dist. No. 21AP-159, 2021-Ohio-4578. As to the retaliation claim, this court found that Moody submitted evidence in support of a prima facie case, ODMHAS presented a legitimate, non-retaliatory reason for its action, and Moody demonstrated a genuine issue of material fact as to whether ODMHAS's proffered explanation was merely a pretext for retaliation. *Id.* at ¶ 46. Accordingly, this court remanded the matter for further proceedings. *Id.*

{¶ 4} On remand, Moody's retaliation claim was tried before a magistrate. As to this claim, the dispute centered on the incident reporting policies for employees at Twin Valley, namely when and how the employees were required to report incidents. ODMHAS asserted adverse employment actions were taken against Moody because he failed to comply with incident reporting policies. Conversely, Moody alleged this explanation was pretextual because he did not violate Twin Valley's incident reporting policies. Based on her consideration of the evidence presented at trial, the magistrate found that Moody failed to prove the adverse employment actions taken against Moody were pretextual, or the real reason for the adverse employment actions was unlawful retaliation for Moody engaging in protected activity. Based on these findings, the magistrate recommended judgment in favor of ODMHAS. Moody filed objections to the magistrate's decision, asserting the evidence at trial belied the magistrate's findings. Moody argued the evidence overwhelmingly demonstrated he did not violate Twin Valley's incident reporting policies because it showed both the applicable written rules did not require him to file incident

reports concerning the occurrences and his decisions not to file incident reports were consistent with employee practice at Twin Valley.

{¶ 5} The Court of Claims conducted a de novo review of the facts and whether the magistrate erred in applying the law to those facts. In its decision on the objections, the Court of Claims noted that, in objecting to the magistrate's decision, Moody did not dispute the accuracy of the magistrate's recitation of the evidence; instead, he argued the magistrate omitted from her decision certain facts supporting his position that he did not violate any incident reporting policy at Twin Valley. Based on its review of the record, the Court of Claims rejected Moody's arguments and concluded the magistrate properly determined the pertinent facts and applied the law to those facts. Consequently, the Court of Claims overruled Moody's objections, adopted the magistrate's decision as its own, and rendered judgment in favor of ODMHAS as to Moody's retaliation claim.

{¶ 6} Moody timely appeals.

## II. Assignments of Error

{¶ 7} Moody assigns the following two assignments of error for our review:

> [I.] It was unreasonable, arbitrarily [sic], and unconscionable for the Court of Claims to accept the Magistrate's determination that Mr. Moody's being subjected to two police investigations and being recommended for further discipline was not in retaliation for his having engaged in protected activity.

> [II.] It was reversible error for the Court of Claims to accept the Magistrate's determination that Mr. Moody's being subjected to two police investigations and being recommended for further discipline was not in retaliation for his having engaged in protected activity.

## III. Discussion

{¶ 8} Both of Moody's assignments of error allege the Court of Claims erred in accepting the magistrate's determination that he failed to prove he was subject to retaliation for engaging in protected activity. Moody asserts ODMHAS's given reason for the adverse employment action—his failure to file incident reports as required—was pretext for retaliation. According to Moody, the evidence overwhelmingly demonstrated that incident reports were only filed for incidents involving patient safety or the targeting of patients, and that it was proper for him to informally report workplace misconduct incidents to nurses

for guidance in how to proceed. Moody essentially argues the Court of Claims' decision to enter judgment in favor of ODMHAS as to his retaliation claim was against the manifest weight of the evidence. These assignments of error are not well-taken.

{¶ 9} If a party files objections to a magistrate's decision, a trial court reviews that decision de novo. *Meccon, Inc. v. Univ. of Akron*, 10th Dist. No. 12AP-899, 2013-Ohio-2563, ¶ 15, citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15. An appellate court reviews a trial court's adoption of a magistrate's decision for an abuse of discretion. *Id.* at ¶ 15. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As to questions of law, however, an appellate court's review is de novo. *Masterclean, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 98AP-727, 1999 Ohio App. LEXIS 2188 (May 13, 1999). With respect to a manifest weight challenge, a "judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence." *Meccon* at ¶ 15, citing *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 31, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. In applying this standard of review, "an appellate court must presume the findings of the trier of fact are correct because it is best able to observe the witnesses and use those observations in weighing the credibility of the testimony." *Id.*

{¶ 10} Based on this court's prior decision in this matter, the trial on remand was limited to Moody's retaliation claim. To establish a prima facie case of retaliation, a plaintiff must demonstrate: (1) the plaintiff engaged in a protected activity, (2) the employer knew the plaintiff engaged in the protected activity, (3) the employer subjected the plaintiff to an adverse employment action, and (4) a causal link existed between the protected activity and the adverse action. *Moody* at ¶ 36. If the plaintiff demonstrates a prima facie case, the burden shifts to the employer to articulate a legitimate reason for its action. *Id.* If the employer meets that burden, the burden shifts back to the plaintiff to demonstrate that the employer's reason was false, and retaliation was the real reason. *Id.*; *Ames v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-119, 2014-Ohio-4774, ¶ 24. The burden of persuasion always remains with the plaintiff. *Id.*

{¶ 11} Here, the factual dispute at trial centered on whether ODMHAS's justification for taking adverse action against Moody—his failure to comply with Twin Valley's incident reporting policy—was pretext for relation against Moody for engaging in protected conduct. Twin Valley Hospital Directive A-19, which was admitted into evidence at trial, detailed Twin Valley's policy regarding the reporting of "incidents" at the facility.  (Ex. A at 1.)  The purpose of the "policy is to establish standards and procedures for the hospital and Community Support Network (CSN) to ensure that prompt and accurate reporting, immediate evaluation, implementation of corrective/remedial action, and preventative measures take place with the occurrence of each incident." (Ex. A at 1.)  Stated broadly, it is the "policy of Twin Valley Behavioral Healthcare (TVBH) that any incident which is not consistent with the routine care of patients, or the routine services provided by the hospital or CSN, and staff, shall be reported and investigated so that corrective/remedial action and preventative measures can be implemented." (Ex. A at 1.)  The directive requires that "[a]ll incidents shall be documented and reported in accordance with the provisions of the Ohio Administrative Code (OAC), Rule 5122-3-13, 'Regional Psychiatric Hospital (RPH) Incident Reporting' and on the forms and database prescribed by OhioMHAS."  (Ex. A at 9.)

{¶ 12} Additional evidence at trial indicated that, during a December 2018 investigation of the conduct of Twin Valley employee Anthony James, Moody alleged he witnessed James verbally abuse a patient, calling that patient a "motherfucker." (Ex. 7.) James denied this allegation. Ultimately, the investigator deemed the allegation unfounded and closed the investigation.  During a second December 2018 investigation, Moody was interviewed regarding allegations concerning Twin Valley employee Paige Sherman.  In that interview, Moody stated that, two months earlier, Sherman had yelled at a patient and refused requests from this patient for a phone call or a snack.  When asked why he did not previously report this misconduct, Moody explained that he told a nurse about them, which he understood to be sufficient under the circumstances.  The investigation of Sherman's conduct also concluded with a finding that the allegations of misconduct against her were unsubstantiated.

{¶ 13} As a result of these investigations, in January 2019, Twin Valley charged Moody with failing to comply with its requirement to report a violation of any work rule, policy, or procedure.  More specifically, Twin Valley charged Moody with failing to timely

report his allegation that another staff member called a patient a "motherfucker," and his allegation that another staff member abused and neglected a patient. (Ex. E.) The charging letter from Twin Valley informed Moody of the scheduling of a pre-disciplinary conference meeting for the following week. At the meeting, Moody generally disagreed with the process and allegations. He submitted a letter from his attorney, which was not considered. After the meeting, a finding of just-cause for discipline was issued based on Moody's violations of the reporting requirements.[1] No final disciplinary action determination was made, however, as Moody resigned from employment in April 2019. (Ex. 9.)

{¶ 14} This evidence reasonably demonstrated that Twin Valley took adverse action against Moody because he did not report certain instances of abuse and neglect pursuant to Twin Valley's incident reporting policy. Applying the plain language of the incident reporting policy, Moody was required to file incident reports upon his personal observation of an employee calling a patient a "motherfucker," and another employee yelling at a patient and denying that patient food and phone call requests. He did not, however, promptly report these incidents as required, thereby violating the policy.

{¶ 15} Despite this clear application, Moody contends Twin Valley's incident reporting policy was not strictly adhered or enforced, undermining the rationale given by ODMHAS for taking adverse action against him. The Court of Claims reasonably rejected this contention. In the Court of Claims' analysis of the evidence, in addition to citing the plain language of the policy, it noted the testimony of Moody's supervisor, Iya Ngalla, and the testimony of other Twin Valley employees, indicated that Twin Valley's policy required the person witnessing the violation to file a written incident report. The Court of Claims further noted that, conversely, other testimony of Twin Valley staff indicated that there was inconsistent adherence to, and enforcement of, the incident reporting policy. In resolving this conflicting evidence, the Court of Claims was unconvinced that Moody was not required to file incident reports under the circumstances, or that evidence of inconsistent application of the incident reporting policy demonstrated ODMHAS's justification of its action against Moody otherwise was pretext for retaliation. In challenging this conclusion, Moody essentially requests this court to reweigh the evidence and resolve that he met his

---

[1] In *Moody*, this court found that the evidence that Moody was investigated, charged with failing to report violations, and potentially faced discipline under Twin Valley's progressive discipline system, demonstrated that he was subjected to adverse employment action for the purpose of his retaliation claim. *Moody* at ¶ 40.

burden of persuasion in support of his retaliation claim. But inconsistency or conflict in the testimony at trial regarding the degree of adherence to that policy, and the consequences for that noncompliance, were primarily for the Court of Claims, as the trier of fact, to resolve. The Court of Claims reasonably resolved that differing understandings of the policy, and its enforcement, did not demonstrate the reason given for the adverse employment action against Moody was pretext for retaliation. Consequently, the Court of Claims rendered judgment in favor of ODMHAS as to Moody's retaliation claim. Because this decision was supported by competent, credible evidence, it was not against the manifest weight of the evidence.

{¶ 16} Accordingly, we overrule Moody's first and second assignments of error.

## IV. Disposition

{¶ 17} Having overruled Moody's first and second assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____